IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| AVERY LAMAR MILLER, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | |
| Warden MARTY ALLEN, Warden : | NO. 1:13-CV-131-WLS-TQL |
| BRAD HOOKS, Cpt. ANTHONY : | |
| TERRELL, Deputy Warden ARTIS : | |
| SINGLETON, Warden ALAN CARTER, : | |
| Mental Health Dir. Mr. TINDELL, : | |
| Physician's Assistant Ms. BROWN, : | |
| GDOC Director of Investigations and : | |
| Compliance RICKY MYRICK, and GDOC : | |
| Manager of Inmate Affairs and Appeals : | |
| SHEVONDAH FIELDS, : | |
| : | |
| Defendants. : | |

## ORDER & RECOMMENDATION

Plaintiff **AVERY LAMAR MILLER**, an inmate at Autry State Prison ("ASP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Currently pending before the Court are the following: (1) the complaint, which must be screened under 28 U.S.C. § 1915A (Doc. 1); (2) an application for leave to proceed *in forma pauperis* ("IFP")1 (Doc. 2); (3) a "motion to amend

---

1 A review of the United States District Court PACER docket reports reveals that in the 1980s, Plaintiff filed two federal lawsuits, both of which were dismissed for failure to prosecute. *See Miller v. Jones*, 5:86-cv-55-DF (M.D. Ga. July 14, 1991) and *Miller v. Evans*, 1:86-cv-29-JOF (N.D. Ga. Mar. 24, 1988). Due to the age of these actions and the unavailability of the actual filings through PACER, it is unclear whether the dismissals constitute "strikes" for purposes of 28 U.S.C. § 1915(g).

and supplement complaint" (Doc. 5); and (4) a motion for appointment of counsel (Doc. 6).

Based upon Plaintiff's submissions, the Court hereby **GRANTS** his motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the Court's $350 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of ASP.

Plaintiff's motion to amend and supplement his complaint is also hereby **GRANTED**, and his Complaint is deemed so amended. The Court has considered the additional allegations made by Plaintiff in said motion.

Regarding Plaintiff's motion for appointment of counsel, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. ***Poole v. Lambert***, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. ***Lopez v. Reyes***, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. ***Holt v. Ford***, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims and the Court will determine whether Plaintiff's allegations support a colorable legal claim. This process is routine in *pro se* prisoner actions and therefore "exceptional circumstances" justifying appointment of counsel do not exist. Accordingly, Plaintiff's motion is **DENIED**.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial

screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an

3

act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Most of Plaintiff's claims relate to alleged retaliation by the various Defendants in response to Plaintiff filing grievances, assisting other inmates with lawsuits, and otherwise drawing attention to prison gangs and violence. Among Plaintiff's allegations are the following:

(1) On June 15, 2011, while confined at Rogers State Prison ("RSP"), Plaintiff filed grievance number 621298, complaining about RSP officials encouraging gang violence. Defendant RSP Warden Brad Hooks allegedly assigned Plaintiff to an unsuitable work detail in July 2011 in retaliation for Plaintiff filing the above and perhaps other grievances. The following month, Hooks allegedly disciplined Plaintiff by placing him in an "open-air 'dog cage'" for Plaintiff's refusal to report to work detail, again in retaliation for Plaintiff filing grievances. Plaintiff also alleges that retaliation was Hooks's motive in transferring Plaintiff to ASP on September 1, 2011.

(2) On an unspecified date following his transfer to ASP, Plaintiff allegedly wrote a letter to Governor Nathan Deal complaining about Defendants Warden Marty Allen and Captain Anthony Terrell (both of whom are now apparently employed at Valdosta State Prison). Warden Allen allegedly found a copy of Plaintiff's letter in the prison law library on September 9, 2012. On September 18, 2012, Plaintiff was attacked by another inmate, whom Plaintiff alleges was "encouraged and induc[]ed" to do so by Allen and Terrell. Plaintiff allegedly was confined in

segregation for over 40 days as a result of the incident whereas his assailant was not punished. During his confinement, Plaintiff was allegedly denied access to legal materials. He complained to Warden Allen, who allegedly took no action. Plaintiff also names Defendant Mental Health Director Tindell in connection with the September 2012 assault. According to Plaintiff, his assailant is a schizophrenic and Tindell "had beforehand knowledge of the assailant's behavior[]al condition and past, and was obligated to protect unsuspecting inmates housed in an open-dorm environment by excluding such profiles from said environment."

(3) Following his attack, Plaintiff allegedly suffered dizziness, loss of equilibrium, blurred vision, headaches, and sleeplessness. He saw Defendant Physician's Assistant Ms. Brown, who initially said Plaintiff's condition was caused by his medication. According to Plaintiff, he made several subsequent attempts to see Ms. Brown, but she refused, which Plaintiff attributes to retaliation.

(4) Following his release from segregation on October 29, 2012, Plaintiff was assigned to a cell with an "anti-social" inmate. After three sleepless nights, Plaintiff complained to Defendant Deputy Warden Artis Singleton. Singleton allegedly told Plaintiff to "resolve the matter the best way [he] could since chain-gang is no place for diplomacy." Plaintiff filed a grievance regarding his cell assignment on November 6, 2012, and he was moved to another cell on November 8, 2012.

(5) On July 9, 2013, Defendant Warden Alan Carter allegedly attempted to provoke Plaintiff and, after Plaintiff remained calm, Carter ordered that Plaintiff be placed in lockdown. Plaintiff claims that Carter's actions were in retaliation for, and to frustrate, Plaintiff in litigating his own civil rights actions as well as assisting other inmates in their lawsuits.

(6) In addition to the above Defendants, Plaintiff sues Georgia Department of Corrections ("GDOC") Director of Investigations and Compliance, Ricky Myrick, and GDOC Manager of Inmate Affairs and Appeals, Shevondah Fields. Plaintiff complains that these Defendants either denied or failed to investigate Plaintiff's grievance appeals.

## III. DISCUSSION

### A. *Dismissed Defendants*

#### 1. *Deputy Warden Artis Singleton*

To state a colorable First Amendment retaliation claim, a plaintiff must establish three elements: (1) that his speech was protected; (2) that the retaliatory conduct constituted such adverse action as would "likely deter a person of ordinary firmness from engaging in such

5

speech"; and (3) that there is a causal relationship between the retaliation and the protected speech. ***Smith v. Mosely***, 532 F.3d 1270, 1276 (11th Cir. 2008). Even liberally construed in Plaintiff's favor, his complaint fails to allege a colorable retaliation claim against Deputy Warden Artis Singleton.

Plaintiff only summarily alleges retaliation on the part of Singleton. Plaintiff does not allege, however, that Singleton was involved in Plaintiff's assignment to a cell with an "anti-social" inmate. Singleton's mere statement that Plaintiff should work the matter out himself would not deter a person of ordinary firmness from engaging in protected speech. Indeed, Plaintiff thereafter filed a grievance and was immediately moved to another cell.

In light of the foregoing, it is hereby **RECOMMENDED** that Deputy Warden Artis Singleton be **DISMISSED** as a Defendant in this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### *2. GDOC Director of Investigations and Compliance Ricky Myrick and GDOC Manager of Inmate Affairs and Appeals Shevondah Fields*

Plaintiff's only allegations against Myrick and Fields are that they committed a "dereliction of duty" by denying and failing to investigate Plaintiff's grievance appeals. "An inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." ***See Bingham v. Thomas***, 654 F.3d 1171, 1177 (11th Cir. 2011). There is no suggestion that Myrick or Fields participated in alleged acts of retaliation. A prison official whose only role in an incident is knowledge, after-the-fact, is not liable under section 1983. ***See e.g., Lee v. Michigan Parole Bd.***, 104 F. App'x 490, 493 (6th Cir. 2004). ("Section 1983 liability

may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

In light of the foregoing, it is hereby **RECOMMENDED** that Myrick and Fields be **DISMISSED** as Defendants herein.2 Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### *B. Transferred Defendant*

It is improper for Plaintiff to join RSP Warden Brad Hooks and the ASP Defendants in a single lawsuit. Joinder of multiple defendants in a single action is appropriate only if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). As stated by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." ***Construction Aggregates, Ltd. v. Forest Commodities Corp.***, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Although Plaintiff alleges retaliation on the part of both Hooks and the ASP Defendants, Hooks' conduct appears to be independent of that of the ASP Defendants. ***See Skillern v. Georgia Dept. of Corrections***, 379 F. App'x 859 (11th Cir. May 17, 2010) (unpublished) ("[W]hile [plaintiff] alleges that the actions of each defendant showed indifference to his failing health, there appears to be no other alleged connection between the people and events [plaintiff] described.").

RSP is located, and Warden Hooks is employed, in the Southern District of Georgia. The

---

2 The facts alleged by Plaintiff regarding Myrick and Fields that occurred more than two years before Plaintiff filed his complaint are additionally barred by the statute of limitations. *See* O.C.G.A. § 9-3-33; ***Williams v. City of Atlanta***, 794 F.2d 624, 626 (11th Cir. 1986).

7

proper venue for Plaintiff's claims against Hooks therefore lies in the Southern District and not in this Court. *See* 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." Because the statute of limitations now appears to have run on Plaintiff's retaliation claims against Hooks, the Court concludes that transfer of Hooks and such claims to the Southern District would be in the interest of justice.3 Accordingly, the undersigned **RECOMMENDS** that the Court **TRANSFER** RSP Warden Brad Hooks and the claims against him to the United States District Court for the Southern District of Georgia, Statesboro Division, for further proceedings.4

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### C. *Remaining Defendants*

Construing the complaint liberally in Plaintiff's favor, the Court concludes that Plaintiff has alleged colorable claims against Warden Marty Allen, Captain Anthony Terrell, Mental

---

3 *See Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."); *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994) ("In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court … [may] sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district."). *See also* 14D Wright, Miller, & Cooper § 3827 ("If venue is proper for some defendants but improper for others, the district court has wide discretion," including to sever the case and "transfer the severed portion of the case for those defendants for whom venue is improper.").

4 Should the district judge assigned to this case adopt this recommendation and transfer the claim (rather than dismiss the claim against Warden Hooks), the Court should, prior to transferring the claim, "at a minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also Morris v. Taylor*, 1:13-cv-21 (WLS) (M.D. Ga.).

Health Director Mr. Tindell, Physician's Assistant Ms. Brown, and Warden Alan Carter. In light of the foregoing, it is hereby **ORDERED** that service be made on these five Defendants, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## **FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served

electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The

scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Notwithstanding Plaintiff's release from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 26th day of November, 2013.


                                                                     s/*THOMAS Q. LANGSTAFF*
                                                                      UNITED STATES MAGISTRATE JUDGE

cr