# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| AVERY LAMAR MILLER, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:13-cv-131 (WLS) |
| WARDEN MARTY ALLEN, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Pending before the Court are an Order and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed November 26, 2013 (Doc. 8) and an Order and Recommendation from Judge Langstaff, filed May 6, 2014. (Doc. 57).

In the November 26, 2013 Order and Recommendation, Judge Langstaff recommends dismissal of the claims against Defendants Singleton, Myrick, and Fields for failure to state a claim upon which relief can be granted. Judge Langstaff also recommends transfer of the claim against Defendant Hooks to the Southern District of Georgia. After a *de novo* review of the recommendations, the Court adopts the recommendations.

In the May 6, 2014 Order and Recommendation, Judge Langstaff recommends the grant of Defendant Tindell's (Doc. 16-1) and Defendants Allen's, Terrell's, and Carter's (Doc. 22-1) Motions to Dismiss based on Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a). Judge Langstaff also recommends the grant of Defendant Brown's (Doc. 19-1) Motion to Dismiss based on Plaintiff's failure to state a claim of deliberate indifference to serious medical needs upon

1

which relief can be granted. After a *de novo* review of the motions and recommendations, the Court adopts the recommendations.

Both Orders and Recommendations provided the Parties with fourteen days[1] from the date of its service to file written objections to the recommendations. (Doc. 8 at 6, 7, 8; Doc. 57 at 7, 10). Plaintiff filed "Objections to Magistrate's Order and Recommendation" (hereinafter "Objections") on May 27, 2014 (Doc. 58), 165 days after the December 13, 2014 objection filing deadline for the first Order and Recommendation and four days after the May 23, 2014 expiration of the objection filing deadline for the second Order and Recommendation (*see* Docket). The Objections contain only specific objections to the second Order and Recommendation.[2] Although the Objections were filed late, the Court will, in its discretion, consider the Objections.

Plaintiff's Objections raise several grounds for rejecting Judge Langstaff's recommended grant of Defendant Tindell's and Defendants Allen's, Terrell's, and Carter's Motions to Dismiss. First, Plaintiff asserts that the grievance process was unavailable to him because of intimidation and obstruction by Georgia Department of Corrections (GDC) officials and that he has alleged this fact throughout his pleadings and supported it with exhibits and documentation. Plaintiff contends that Judge Langstaff's Recommendation failed to consider the "totality of the circumstances that made remedies unavailable in an unprecedented manner." (Doc. 58 at 2).

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).
[2] While the title of Plaintiff's Objection indicates that Plaintiff is objecting to the entirety of Judge Langstaff's Order and Recommendation, the substance of the Objection is in fact only directed at the recommended grant of Defendant Tindell's and Defendants Allen's, Terrell's, and Carter's Motions to Dismiss. The Court finds that Plaintiff accepts the Magistrate Judge's recommended dismissal of Defendants Singleton, Myrick, and Fields, transfer of Plaintiff's claim against Defendant Hooks, grant of Defendant Brown's Motion to Dismiss, and denial of Plaintiff's Motions to Supplement, Motions to Strike, and Discovery Motions because he has not specifically challenged those aspects of the Orders and Recommendations.

2

Next, Plaintiff contends that Judge Langstaff "failed to view [the] present case in the light most favorable to the non-movant." (Doc. 58 at 2). Specifically, Plaintiff takes issue with Judge Langstaff's finding that Plaintiff did not appeal grievance 153131. (Doc. 58 at 3; *see* Doc. 57 at 5). Plaintiff asserts that Judge Langstaff improperly discounted Plaintiff's affidavit (Ex. J), which states he filed an appeal regarding grievance 153131, and Exhibit H, which Plaintiff purports to be a receipt from his filing an appeal. Plaintiff contends that Judge Langstaff erred in relying on the affidavit submitted by Letitia Bell, the grievance coordinator at Autry State Prison. Plaintiff asserts that Bell falsely stated in her affidavit that Plaintiff did not appeal grievance number 153131 and that Judge Langstaff erroneously relied on this affidavit in the face of "irrefutable evidence to the contrary." (Doc. 58 at 3).

Finally, Plaintiff asserts that he filed his complaint in federal court before exhausting his administrative remedies because he "anticipated" corruption in the grievance process. Plaintiff points to Ms. Bell's alleged perjury as evidence of "Defendants' propensity to circumvent and obstruct the grievance process." (Doc. 58 at 3).

Under 28 U.S.C. § 636, "a [district court] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(A). Here, upon the review of the November 26, 2013 Recommendation, the Court finds no reason to disturb the recommended findings in the November 26, 2013 Order and Recommendation. Judge Langstaff established clear legal reasoning for the recommended dismissal of the claims against Defendants Singleton, Myrick, and Fields for failure to state a claim upon which relief can be granted and for transfer of the claim against Defendant Hooks to the Southern District of Georgia, with citations to and the application of proper binding and persuasive authority. The Court further

3

finds no reason to disturb the recommended findings in the May 6, 2014 Order and Recommendation as to Defendant Tindell's and Defendants Allen's, Terrell's, and Carter's Motions to Dismiss. Judge Langstaff established clear legal reasoning for the recommended grant of the Motions to Dismiss, with citations to and the application of proper binding and persuasive authority.

Regarding the November 26, 2013 Order and Recommendation, the Court agrees with the magistrate judge that Plaintiff failed to state claims upon which relief can be granted against Defendants Singleton, Myrick, and Fields and that these claims should therefore be dismissed under the initial screening of prisoners' complaints required by 28 U.S.C. § 1915A(a). The Court further agrees with the magistrate judge that Plaintiff cannot properly join Defendant Hooks in a single lawsuit with the other Defendants because the claims against Defendant Hooks and other Defendants did not arise out of the same transaction. Thus, Plaintiff's claim against Defendant Hooks should be transferred to the U.S. District Court for the Southern District of Georgia, Statesboro Division.

The Court agrees with the magistrate judge that Miller failed to exhaust his administrative remedies. "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other procedural rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The Court agrees with the magistrate judge's finding that Plaintiff filed no grievances complaining that Defendants Terrell, Allen, or Tindell violated his Eighth Amendment rights.

The Court also agrees with the finding that Plaintiff filed grievance 153131 regarding Defendant Carter. Plaintiff objects to the magistrate judge's finding that he never filed an appeal to grievance 153131. However, this fact is not dispositive of the issue of whether

4

Plaintiff exhausted his administrative remedies with regard to grievance 153131. The Court agrees that Plaintiff did not exhaust his administrative remedies because the Plaintiff brought this action on August 5, 2013, seven days before he received a response to grievance 153131 and fifteen days before he allegedly filed an appeal. Thus, even if Plaintiff filed an appeal on August 20, 2013, he did not exhaust his administrative remedies before bringing this action in federal court.

Even construing his allegations of intimidation and retaliatory conduct in the light most favorable to Plaintiff, this Court also agrees with the magistrate judge that the grievance process was available to Plaintiff. A remedy is deemed "unavailable" when:

> the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

*Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008).

In his Objections to Magistrate's Order and Recommendation, Plaintiff admits that he filed the present action before receiving a response to grievance 153131 because he "anticipated" the Defendants' "propensity to circumvent and obstruct the grievance process," not because the grievance process was unavailable to him because of threats of retaliation. (Doc. 58 at 3). Further, the record reflects that Plaintiff filed five grievances while housed at Autry State Prison (Doc. 16-3), two of which were filed after he was allegedly assaulted by another inmate at the direction of Defendants Allen and Terrell. The "pattern" of obstruction that Plaintiff alleged (Doc. 58 at 2) did not deter him from filing multiple grievances. The Court finds that the grievance process was not unavailable to Plaintiff and that Plain-

5

tiff's failure to file grievances regarding Defendants Tindell's, Allan's, and Terrell's alleged misconduct was not excused.

For all of the above reasons, Plaintiff's Objection (Doc. 58) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's November 26, 2013 Order and Recommendation and May 6, 2014 Order and Recommendation (Doc. 57) are **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reason of the findings made and reasons stated herein. The Court **DISMISSES** Plaintiff's claims against Defendants Singleton, Myrick, and Field. The Court **GRANTS** Defendant Tindell's (Doc. 16-1), Defendants Allen's, Terrell's, and Carter's (Doc. 22-1), and Defendant Brown's (Doc. 19-1) Motions to Dismiss and **DISMISSES** Plaintiff's claims against Defendants Allen, Terrell, Carter, Tindell, and Brown. The Court further **ORDERS** transfer of Plaintiff's claim against Defendant Hooks to the U.S. District Court for the Southern District of Georgia, Statesboro Division.

**SO ORDERED**, this  13th  day of August 2014.

                                                   /s/ W. Louis Sands
                                                 **W. LOUIS SANDS, JUDGE**
                                                 **UNITED STATES DISTRICT COURT**