# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

AVERY LAMAR MILLER,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV614-090

BRAD HOOKS, Warden,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Washington State Prison in Davisboro, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983.[1] Defendant Brad Hooks ("Defendant") filed a Motion to Dismiss. Plaintiff was directed to file any desired objection to Defendant's Motion, (doc. no. 73), and Plaintiff did not file a response. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Hooks, the Warden at Rogers State Prison, retaliated against him because Plaintiff had filed grievances against Defendant Hooks and his staff. Plaintiff asserts that he was placed in an open air "dog cage" for nine (9) hours on August 8, 2011, which was an act of retaliation done at the behest of

---

[1] Plaintiff filed his Complaint in the Middle District of Georgia on August 5, 2013. This case was not transferred to this Court until the Middle District of Georgia court disposed of Plaintiff's claims against those Defendants who were within that district. (Doc. Nos. 63, 65).

Defendant Hooks. (Doc. No. 1, p. 10). Plaintiff also contends that Defendant Hooks colluded with a counselor to reassign Plaintiff to an unsuitable work detail on July 12, 2011, which was also a retaliatory act because Plaintiff had filed grievances against prison staff.

Defendant asserts that Plaintiff's Complaint should be dismissed for several reasons. Specifically, Defendant contends that Plaintiff: has filed three (3) or more frivolous lawsuits on prior occasions; made false statement in his Complaint regarding previous litigation; failed to exhaust his administrative remedies in part; cannot show that his constitutional rights were violated; and is not entitled to the relief he seeks. Defendant also contends that Plaintiff's retaliation claims are barred by the applicable statute of limitations. Defendant further contends that he is entitled to qualified immunity and cannot be sued for monetary damages in his official capacity.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant avers that Plaintiff has accumulated six (6) "strikes" pursuant to 28 U.S.C. § 1915(g). As a result, Defendant asserts that Plaintiff cannot proceed *in forma pauperis* in this cause of action because he has not met the imminent danger exception to section 1915(g).

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury[.]

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. If Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three (3) civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Miller v. Conway, CV1:08-2271 (dismissed as frivolous/failure to exhaust administrative remedies[2]/failure to state a claim) (N.D. Ga.) (Aug. 26, 2008; Nov. 3, 2010); (2) Miller v. Conway, No. 09-16158-H (dismissed for lack of jurisdiction because subject of appeal was not a final, appealable order)[3]; and (3) Miller v. Conway,

---

[2] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

[3] In Daker v. Owens, No. 5:12-CV-459 CAR, 2014 WL 1159629, at *6 (M.D. Ga. Mar. 21, 2014), the court noted that one of Daker's appeals was dismissed for lack of jurisdiction because "[t]he magistrate judge's . . . order is not final and appealable." The Middle District of Georgia court noted that this dismissal "thus appear[s] to meet[ ] the criteria of [ ] Neitzke v. Williams, 490 U.S. 319 (1989), for a frivolous action, i.e., one based on an 'indisputably meritless legal theory' or lacking an 'arguable basis in law.'" Id. (third alteration in original). The court held that "[s]uch a dismissal should count as a 'strike' under 28 U.S.C. § 1915(g)." Id. (quoting Vale v. Fla. Parole Com'n, 2011 WL 6151536, *1 (N.D. Fla. Oct.11, 2011) (and

CV1:12-91 (dismissed as frivolous/summary judgment motion granted[4]) (N.D. Ga. June 15, 2012; April 22, 2013). Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

In this Complaint, Plaintiff makes contentions against Defendant arising from events which allegedly occurred in July and August 2011. Plaintiff filed his Complaint on August 5, 2013. At the time this Complaint was filed, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed this

---

citing Knapp v. Tilton, 2008 WL 1995053 * 2 (N.D. Cal. May 7, 2008) (counting dismissal of appeal because the order challenged in the appeal was not final or appealable as a strike under § 1915(g)); cf., Haury v. Lemmon, 656 F.3d 521, 523 (7th Cir. 2011) (holding that dismissal for lack of jurisdiction does not warrant a strike under 28 U.S.C. § 1915(g) when the assertion of jurisdiction is not itself found to be frivolous); Thompson v. Drug Enforcement Agency, 492 F.3d 428, 440 (D.C. Cir. 2007) ("Dismissals for lack of jurisdiction do not count as strikes unless the court expressly states that the action or appeal was frivolous or malicious."). Plaintiff's appeal No. 09-16158-H was dismissed for lack of jurisdiction because he was not appealing a final, appealable order. The undersigned finds the Middle District of Georgia's approach in this type of situation persuasive, and this appeal should count as a strike.

[4] "[T]he fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g)." Blakely v. Wards, 738 F.3d 607, 610 (4th Cir. 2013), as amended (Oct. 22, 2013). The portion of Plaintiff's complaint remaining after frivolity review in Miller v. Conway, CV1:12-91(N.D. Ga.), was dismissed on the defendant's motion for summary judgment, and the court found that plaintiff did not show that he suffered an actual injury, meaning that plaintiff failed to state a claim upon which relief may be granted. The Eleventh Circuit has not spoken to this exact issue, but the Fourth Circuit's position in this regard is persuasive.

Complaint on August 5, 2013. Plaintiff should not be considered to meet the exception to the three strikes rule. This portion of Defendant's Motion should be **granted**. It is unnecessary to address the remaining portions of Defendant's Motion to Dismiss.

The order granting Plaintiff's motion to proceed *in forma pauperis*, dated November 26, 2013, and entered by a Magistrate Judge in the Middle District of Georgia, (doc. no. 8), should be **vacated**, and Plaintiff's motion to proceed *in forma pauperis* should be **DENIED**. Plaintiff's Complaint should be **dismissed**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a new complaint along with the full filing fee.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's unopposed Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)